UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSHUA LINER,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                       98-CV-6343L

                       v.

GLENN GOORD,
WALTER KELLY,
SGT. JAMES GILMORE,
KEVIN SUTTER,
MARK KOZLOWSKI,

                              Defendants.
_____

      Plaintiff, Joshua Liner, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants, who at all relevant times were DOCS officials or employees, violated his rights under the Eighth Amendment to the United States Constitution during February and May 1998, while plaintiff was confined at Attica Correctional Facility.

      Specifically, the amended complaint alleges that on May 13, 1998, while he was being frisked, plaintiff was assaulted by three corrections officers: defendants James Gilmore, Kevin Sutter and Mark Kozlowski (collectively "C.O. defendants"). Plaintiff alleges that the C.O.

defendants repeatedly slammed his head into a cabinet, struck his face, and taunted him with racial slurs.

Plaintiff also alleges that Gilmore, Sutter and Kozlowski sexually assaulted him on three separate occasions in February and May 1998. Plaintiff alleges that the C.O. defendants' conduct was condoned or tolerated by defendants Glenn Goord and Walter Kelly, who were respectively the Commissioner of DOCS, and the Superintendent of Attica.

Defendants, Glenn Goord and Walter Kelly, have moved to dismiss the claims against them pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. Plaintiff has cross-moved for summary judgment.

## DISCUSSION

Plaintiff's claims against Goord and Kelly must be dismissed for lack of personal involvement on their part. A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). That requirement may be satisfied by alleging facts showing that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was

grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Plaintiff has demonstrated no such facts here. With respect to Goord and Kelly, the complaint simply alleges, in conclusory fashion, "deliberate indifference," "callous indifference," and "gross negligence" on their part. In addition, in his affidavit submitted in support of his own motion and in opposition to defendants' motion (Dkt. #59-2), plaintiff cites a number of cases, and, in rambling fashion, makes various references to certain documents that are attached to his affidavit, but he has neither alleged facts nor presented evidence indicating that Goord and Selsky participated in, permitted, or condoned the alleged assaults, that they ratified the C.O. defendants' actions, or that they created, or allowed to exist, any policy or custom that led to the alleged assaults. In short, there is no basis upon which Goord or Kelly could be held liable in this case. *See Schwamborn v. County of Nassau*, No. 06-CV-6528, 2008 WL 4282607, at *6 (E.D.N.Y. Sept. 16, 2008); *Houghton v. Cardone*, 295 F.Supp.2d 268, 276 (W.D.N.Y. 2003).[1]

---

[1] As stated, defendants have moved to dismiss the complaint pursuant to Rules 12(b)(6) and 12(c). In support of that motion, defendants have not presented or relied on any matters outside the pleadings. Plaintiff, however, has submitted his own affidavit, which is accompanied by several exhibits.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Since it is plaintiff who has submitted matters outside the pleadings, however, and since I would dismiss plaintiff's claims against Goord and Kelly whether I considered those materials or not, I find it unnecessary to formally convert defendants' motion to a motion for summary judgment pursuant to Rule

(continued...)

I also deny plaintiff's motion for summary judgment. It is not clear from plaintiff's papers if he is moving for summary judgment only against Goord and Kelly, or against the C.O. defendants as well. To the extent, however, that he seeks summary judgment against Goord and Kelly, the motion is denied as moot. To the extent that he seeks summary judgment against the C.O. defendants, the motion is denied on the ground that there exist genuine issues of fact that are material to plaintiff's claims against those defendants. The C.O. defendants have interposed answers denying plaintiff's allegations concerning the alleged assaults, and the relevant events are thus in dispute, rendering summary judgment at this juncture improper.

## CONCLUSION

The motion for summary judgment by defendants Glenn Goord and Walter Kelly (Dkt. #52) is granted, and plaintiff's claims against those two defendants are dismissed.

Plaintiff's cross-motion for summary judgment (Dkt. #59) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 9, 2008.

---

[1](...continued)
12(d). *See Crozer Chester Med. Ctr. v. Southern Chester County Med. Ctr.*, No. CIV. A. 97-2740, 1997 WL 560607, at *1 n. 1 (E.D.Pa. Aug. 7, 1997) ("Inasmuch as the parties have gone outside the pleadings ..., the motion to dismiss under Rule 12(b)(6) could be converted into a motion for summary judgment under Rule 56. However, regardless how the present motion is viewed, the result is the same") (citation omitted).